UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

FILED

MAY 2 5 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| DEXTER DWIGHT HOGAN, | § | |
| TDCJ # 1361368, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **Civil Action** |
| | § | **No. SA-11-CA-60-PMA** |
| ARRON KLOESEL and JUAN AMADOR, | § | |
| | § | |
| **Defendants** | § | |

# MEMORANDUM DECISION

Before the Court is Plaintiff Dexter Dwight Hogan's 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 2) and Defendants' Motion for Summary Judgment (Entry # 35). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Entries ## 41-43.)

## I.

Hogan's § 1983 Complaint alleges on September 22, 2010 he was assaulted by Officer Aaron Kloesel at the Texas Department of Criminal Justice (TDCJ) Connally Unit when he was "slammed to [the] floor while handcuff[ed]" and suffered "neck and back pains." He alleges Officer Juan Amador failed to protect him. He seeks to have the officers involved "penalized or even fired" and he seeks to have the "disciplinary case . . . overturned."

Defendants move for summary judgment contending the record shows: Officer Kloesel's use of force was justified and Hogan suffered no actionable injury; Hogan has no failure to protect claim against Officer Amador; and Hogan failed to present sufficient evidence to overcome Defendants' qualified immunity defenses.

## II.

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(a) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "`genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment, a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

- A -

To proceed under § 1983 the plaintiff must show the violation of his constitutional or other federal rights. *Daniels v. Williams*, 474 U.S. 327, 329-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In *Hudson v. McMillian*, 503 U.S. 1, 7, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), the Supreme Court summarized the standard applicable for analyzing prisoner's Eighth Amendment excessive force claims as follows:

> [W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment] Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
> . . . .

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  []"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"[].  The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"

(prior citations omitted).  To overcome summary judgment, a plaintiff must present evidence in support of an excessive force claim that would allow a reasonable jury to find an injury resulting from a use of force that was clearly excessive, and the excessiveness was clearly unreasonable. *Ontiveros v. City of Rosenberg*, 564 F. 3d 379, 382 (5th Cir. 2009).

Defendants' contend the evidence shows: On September 22, 2010, Officer Kloesel was escorting Hogan to the desk area when Hogan became belligerent and tried to strike Kloesel with his right elbow.  Officer Kloesel placed Hogan on the ground using the "least amount of force necessary."  Officer Amador then assisted Kloesel in restraining Hogan, and additional staff were

alerted. Hogan was examined by staff Nurse Shirley Pfeil who did not observe any injuries to Hogan and Hogan did not complain at the time of any injuries as a result of the incident.

Defendant Kloesel moves for summary judgment contending the record shows Hogan was threatening and belligerent and Officer Kloesel's use of force was justified and no more than necessary to restore order. Furthermore, Hogan failed to sustain an actionable injury. When presented with a summary judgment motion a plaintiff is required to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. at 324. Hogan's responses to Defendants' summary judgment motion (Entries ## 45 and 46) are not sworn, and thus not competent summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Furthermore, Hogan's responses are vague, rambling, and conclusory. *See Freeman v. Texas Dep't of Criminal Justice*, 369 F. 3d 854, 860 (5th Cir. 2004) (conclusory allegations not sufficient to create a material issue of fact sufficient to overcome summary judgment). Hogan's earlier response to this Court's Show Cause Order (Entry # 4), is also unsworn and thus not competent summary judgment evidence. The sworn allegations of a complaint may be competent summary judgment evidence and sufficient to create a material issue for trial. *See Hart v. Hairston*, 343 F. 3d 762, 764 n.1 (5th Cir. 2003). However, Hogan's original complaint (*see* Entry # 2) is vague and conclusory and not sufficient to create a material issue. Furthermore, the medical records show Hogan suffered no actionable injury as a result of the September 22, 2010 incident, and absent an injury he has no basis for a civil rights claim. *See Gobert v. Caldwell*, 463 F. 3d 339, 347 n.24 (5th Cir. 2006) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's

[civil rights] allegations'"). Because Hogan failed to present competent evidence presenting a material issue of fact for trial, Defendants are entitled to summary judgment.

### - B -

A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Because Hogan has no basis for an assault claim against Officer Kloesel, Hogan has no failure to protect claim against Officer Amador.

### - C -

Furthermore, Hogan's claims for damages against the Defendants in their individual capacities are barred by qualified immunity. Qualified or good-faith immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 820-23. Defendants in their individual capacities have invoked qualified immunity and Hogan failed to introduce evidence sufficient to show the violation of his

clearly established constitutional rights, and thus Defendants are entitled to qualified immunity. *See id.*

## - D -

As a result of the incident of September 22, 2010, Hogan was found guilty in a TDCJ disciplinary proceeding of assaulting Officer Kloesel; Hogan lost his recreation and commissary privileges for forty-five days, but did not lose good-time credit. (See Entry # 2 ex. 1.) Hogan's civil rights challenge to this disciplinary proceeding is without merit. Because Hogan did not lose good-time credits or any other protected liberty interest there is no predicate for a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Furthermore, Hogan failed to show the disciplinary proceeding denied him due process. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). His claim that the assault charge was not adequately supported by the evidence is defied by the record.

## III.

Accordingly, Defendants' Summary Judgment Motion (Entry # 35) is **GRANTED** and Hogan's § 1983 Complaint (Entry # 2) is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot.

**DATED:** May  25 , 2012

_____

**PAMELA A. MATHY**

**United States Magistrate Judge**
